1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   PHILIP LOUIS MACHADO,<br>  CDCR #AY-5433, | Case No.  16-cv-1684-BAS-KSC |
| 12 | |
| 13                      Plaintiff, | **ORDER:** |
| 14           v. | **(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]** |
| 15   CITY OF OCEANSIDE; JENNIFER<br>  TORRES; STEVE REGALADO | |
| 16                Defendants. | **(2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |
| 17 | |
| 18 | |

19

20        Plaintiff, Philip Louis Machado, is an inmate at Mule Creek State Prison, located

21  in Ione, California. He has filed a Complaint pursuant to 42 U.S.C. § 1983, and requests

22  leave to proceed in forma pauperis ("IFP") (ECF No. 2). Because Plaintiff's Motion to

23  Proceed IFP complies with 28 U.S.C. § 1915(a)(2), the Court grants him leave to proceed

24  without full prepayment of the civil filing fees required by 28 U.S.C. § 1914(a).

25  However, the Court also dismisses the Complaint for failing to state a claim pursuant to

26  28 U.S.C. § 1915(e)(2) and § 1915A(b).

27  **I.**      **Plaintiff's Motion to Proceed IFP**

28        All parties instituting any civil action, suit or proceeding in a district court of the

1   United States, except an application for writ of habeas corpus, must pay a filing fee of

2   $400.[1]  *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to

3   prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.

4   § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v.*

5   *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to

6   proceed IFP remains obligated to pay the entire fee in "increments" or "installments,"

7   *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d

8   1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.

9   *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir.

10  2002).

11        Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a

12  "certified copy of the trust fund account statement (or institutional equivalent) for . . . the

13  6-month period immediately preceding the filing of the complaint." 28 U.S.C.

14  § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified

15  trust account statement, the Court assesses an initial payment of 20% of (a) the average

16  monthly deposits in the account for the past six months, or (b) the average monthly

17  balance in the account for the past six months, whichever is greater, unless the prisoner

18  has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having

19  custody of the prisoner then collects subsequent payments, assessed at 20% of the

20  preceding month's income, in any month in which his account exceeds $10, and forwards

21  those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2);

22  *Bruce*, 136 S. Ct. at 629.

23        In support of his IFP motion, Plaintiff has submitted a copy of his inmate trust

24  account activity. *See* ECF No. 2 at 5; 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2;

25

26

27  [1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See*
28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff.

28  Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed
IFP. *Id.*

16cv1684

1    *Andrews*, 398 F.3d at 1119. This statement shows that Plaintiff's current available

2    balance is zero (ECF No. 2 at 6), and it appears Plaintiff is unable to pay any initial fee at

3    this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be

4    prohibited from bringing a civil action or appealing a civil action or criminal judgment

5    for the reason that the prisoner has no assets and no means by which to pay [a] initial

6    partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a

7    "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to

8    pay . . . due to the lack of funds available to him when payment is ordered"). Therefore,

9    the Court grants Plaintiff leave to proceed IFP, declines to "exact" any initial filing fee

10   because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct.

11   at 629, and directs the Director of the CDCR to collect the entire $350 balance of the

12   filing fees required by 28 U.S.C. § 1914 and forward it to the Clerk of the Court pursuant

13   to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id*.

14   **II.    Initial Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

15         Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre

16   answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these

17   statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of

18   it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants

19   who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

20   (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

21   2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that

22   the targets of frivolous or malicious suits need not bear the expense of responding.'"

23   *Nordstrom v. Ryan*, 762 F.3d 903, 920 n. 1 (9th Cir. 2014) (quoting *Wheeler v. Wexford*

24   *Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

25         "The standard for determining whether a plaintiff has failed to state a claim upon

26   which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

27   Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

28   F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

16cv1684

1   Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

2   applied in the context of failure to state a claim under Federal Rule of Civil Procedure

3   12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

4   as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

5   662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

6       Detailed factual allegations are not required, but "[t]hreadbare recitals of the

7   elements of a cause of action, supported by mere conclusory statements, do not suffice."

8   *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for

9   relief [is] . . . a context-specific task that requires the reviewing court to draw on its

10  judicial experience and common sense." *Id*. The "mere possibility of misconduct" or

11  "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting

12  this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969

13  (9th Cir. 2009).

14      **A.    42 U.S.C. § 1983**

15      Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights,

16  privileges, or immunities secured by the Constitution and laws" of the United States.

17  *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must

18  allege two essential elements: (1) that a right secured by the Constitution or laws of the

19  United States was violated, and (2) that the alleged violation was committed by a person

20  acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of

21  Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

22      **B.    Plaintiff's Factual Allegations**

23      On October 17, 2014, Plaintiff alleges he was "involved in a bike lane accident in

24  the City of Oceanside." (Compl. at 3.)  When Defendant Regalado, a Police Officer for

25  the City of Oceanside, arrived at the scene of the accident he "deemed the accident to be

26  all [Plaintiff's] fault." (*Id*.)  However, Plaintiff claims that the "true cause of the accident

27  was due to severe road damage in the bike lane." (*Id*.)  Plaintiff claims that City of

28  Oceanside is "liable for my injuries" because of the condition of the bike lane.  (*Id.*)  He

1    further claims that the Defendants Torres and Regalado were negligent in their duties as

2    Police Officers because they used "selective policing" by failing to account for the

3    condition of the road in their report finding Plaintiff at fault.

4         Plaintiff seeks to hold Defendants liable for the injuries he sustained in this

5    accident by claiming his civil rights were violated.  Specifically, Plaintiff seeks damages

6    for alleged violations of due process, access to courts and cruel and unusual punishment.

7    (*See* Compl. at 3-6.)

8         **C.    Due Process and Eighth Amendment Claims**

9         While Plaintiff purports to bring a claim under the Eighth Amendment, Plaintiff

10   was not a prisoner at the time the events giving rise to his claims occurred.  Thus, while

11   Plaintiff cannot bring an Eighth Amendment claim, the Court will consider his claims

12   brought pursuant to the Fourteenth Amendment.  *See Frost v. Agnos*, 152 F.3d 1124,

13   1128 (9th Cir. 1998) ("Because pretrial detainees' rights under the Fourteenth

14   Amendment are comparable to prisoners' rights under the Eighth Amendment . . . we

15   apply the same standards.)

16        The crux of Plaintiff's claims against the City of Oceanside revolve around the

17   alleged failure on the part of the City to properly maintain and repair damage to the

18   roads.  (*See* Compl. at 5.)  He further claims that the Defendants, police officers for the

19   City of Oceanside, who wrote the report following Plaintiff's accident "turned a blind

20   eye" to the conditions of the roads.  (*Id*.)  These claims do not rise to the level of an

21   actual constitutional claim but rather sound in negligence which is a state tort claim.  The

22   United States Supreme Court has "made it clear that the due process guarantee does not

23   entail a body of constitutional law imposing liability whenever someone cloaked with

24   state authority causes harm."  *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998).

25   In any § 1983 action, "the plaintiff still must prove a violation of the underlying

26   constitutional right; and depending on the right; merely negligent conduct may not be

27   enough to state a claim."  *Daniels v. Williams*, 474 U.S. 327, 330 (1986).  In *Daniels*, the

28   Supreme Court held that a lack of care "does not implicate the Due Process Clause of the

16cv1684

1    Fourteenth Amendment." *Id*. at 334.  Here, the Court finds that Plaintiff's claims,

2    regarding the alleged lack of care in maintaining the roads and Defendants' determination

3    of fault with regard to the accident that occurred, clearly sound in negligence and do not

4    rise to the level of a constitutional violation.

5           Thus, the Court DISMISSES Plaintiff's Eighth and Fourteenth Amendment claims

6    for failing to state a claim upon which relief may be granted.

7           **E.     Access to Courts**

8           Plaintiff also refers to "freedom of travel (access to courts)" but it is not clear what

9    specific allegation forms the basis of this claim.  To the extent that he is attempting to

10   allege an access to courts claim, the Court finds, for the reasons set forth below, that he

11   has failed to state a claim upon which relief may be granted.

12          Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518

13   U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas

14   petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may

15   arise from the frustration or hindrance of "a litigating opportunity yet to be gained"

16   (forward-looking access claim) or from the loss of a suit that cannot now be tried

17   (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see*

18   *also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011). (differentiating "between

19   two types of access to court claims: those involving prisoners' right to affirmative

20   assistance and those involving prisoners' rights to litigate without active interference").

21          However, Plaintiff must allege "actual injury" as the threshold requirement to any

22   access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual

23   injury" is "actual prejudice with respect to contemplated or existing litigation, such as the

24   inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also*

25   *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the

26   "inability to file a complaint or defend against a charge"). The failure to allege an actual

27   injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) ("Failure to

28   show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518

16cv1684

1  U.S. at 353 & n. 4).

2      In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable"

3  underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the

4  underlying claim must be set forth in the pleading "as if it were being independently

5  pursued." *Id*. at 417. Finally, Plaintiff must specifically allege the "remedy that may be

6  awarded as recompense but not otherwise available in some suit that may yet be

7  brought." *Id.* at 415.

8      Plaintiff's Complaint fails to allege the actual injury required to state an access to

9  courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Plaintiff failed to

10  include any "factual matter" to show how or why any individual Defendant in this case

11  caused him to suffer any "actual prejudice" "such as the inability to meet a filing deadline

12  or to present a claim," with respect to that case. *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d

13  at 936; *Iqbal*, 556 U.S. at 678.   There is no adverse event that Plaintiff links to any action

14  on the part of Defendants.

15      Thus, because Plaintiff has failed to allege facts sufficient to show that Plaintiff

16  suffered any "actual injury" with respect to the case, or any other non-frivolous direct

17  criminal appeal, habeas petition, or civil rights action he may have filed, *see Lewis*, 518

18  U.S. at 354, the Court finds Plaintiff's access to courts claims must be dismissed for

19  failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C.

20  § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

21      **F.     Leave to Amend**

22      A pro se litigant must be given leave to amend his or her complaint to state a claim

23  unless it is absolutely clear the deficiencies of the complaint cannot be cured by

24  amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when

25  a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the

26  plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff's Complaint

27  fails to state any claim upon which relief can be granted, it will provide him a chance to

28  fix the pleading deficiencies discussed in this Order.

16cv1684

### III. Conclusion

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. **GRANTS** Plaintiff forty-five (45) days leave to file an Amended Complaint which cures all the deficiencies of pleading described in this Order. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to follow these instructions and/or files an Amended Complaint that still fails to state a claim, his case may be dismissed without further leave to amend. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the

1   dismissal of the complaint into dismissal of the entire action.").

2        6.        The Clerk of Court is directed to mail Plaintiff a blank court approved

3   § 1983 civil rights complaint form.

4        **IT IS SO ORDERED**.

5

6   **DATED:  August 17, 2016**

7                                            Hon. Cynthia Bashant
                                            United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16cv1684